```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF MISSISSIPPI
                         SOUTHERN DIVISION
```

MARY LINTON                                              PLAINTIFF

VS.                                CIVIL ACTION NO. 1:04CV705TSL-MTP

PHARMACIA INC.; PFIZER, INC.;
AND PHARMACIA AND UPJOHN CORPORATION                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendants Pharmacia Inc., Pfizer, Inc. and Upjohn Corporation for summary judgment on the basis of the statute of limitations. Plaintiff Mary Linton has responded to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes the motion should be granted.

Mary Linton took the hormone replacement therapy (HRT) drug Provera from December 1984 or January 1985 until 1999 as treatment for menopausal symptoms. On January 6, 2000, Ms. Linton was diagnosed with breast cancer. More than four years later, on July 9, 2004, she filed the present lawsuit alleging her breast cancer was caused by Provera.[1] Ms. Linton has asserted product liability

---

[1] Provera was manufactured, marketed and distributed by Pharmacia, Inc. and Pharmacia and Upjohn.
  Pfizer has been named as a defendant based on plaintiff's allegation, upon information and belief, that Pfizer is liable as a successor-in-interest to Pharmacia & Upjohn (Upjohn). Defendants assert in their motion that Pfizer did not manufacture or distribute Provera during the time plaintiff took this medication, is not a successor-in-interest to any other defendant

claims, and claims for breach of express warranty and negligent and fraudulent misrepresentations, all based, in general, on allegations that defendants knew or should/could have known that Provera caused breast cancer and yet failed to adequately warn about, and/or misrepresented and/or concealed the known or knowable risk of breast cancer from ingestion of Provera, which proximately caused plaintiff's breast cancer. Defendants have moved for summary judgment, contending plaintiff's claims are barred by the three-year statute of limitations in Mississippi Code Annotated § 15-1-49.[2]

The parties agree that the applicable statute of limitations for all of the claims asserted by plaintiff is the general three-year statute of limitations set forth in Mississippi Code Annotated § 15-1-49. See § 15-1-49(1) ("All actions for which no

---

and is not independently liable for the past acts of any other defendant. However, while Pfizer has reserved the right to seek dismissal on these bases, the present motion seeks dismissal solely on the basis of the statute of limitations.

Defendant Wyeth manufactured the HRT drug Prempro. Although plaintiff has named Wyeth as a defendant and alleges in her complaint that she took Prempro, in her deposition testimony, she denied having taken Prempro. For that reason, Wyeth is not a proper defendant and will be dismissed.

[2] This case was originally filed in state court and was removed on the basis of diversity jurisdiction. Soon after removal, it was transferred to the Multi-District Litigation (MDL) Docket No. 1507: In re Prempro Products Liability Litigation (In re Prempro) before District Judge William R. Wilson, Jr. of the Eastern District of Arkansas. The case remained pending in the MDL until March 9, 2012, when it was remanded to this court. Defendants filed their motion for summary judgment promptly after remand from the MDL court.

2

other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after."). Their dispute – or their first dispute – centers on when the limitations period commenced. Section 15-1-49(2) establishes a latent injury discovery rule, stating,

> (2) In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury.

Miss. Code Ann. § 15-1-49(2). There is no dispute that this rule applies in this case. However, whereas defendants argue that all of plaintiff's claims accrued on the date of diagnosis of her breast cancer since that is the date on which she discovered "the injury," plaintiff insists that she did not discover "the injury" until at the earliest, July 2002, when published reports of the results of a Women's Health Initiative (WHI) study first linked HRT drugs to breast cancer. Plaintiff submits it was then that she first knew or should (or could) have known that there was a causal link between Provera and breast cancer and thus that this is the first date on which she knew or should have known that she had a "legally recognizable injury."

The argument that a cause of action involving a latent injury does not accrue under § 15-1-49(2) until the would-be plaintiff discovers or reasonably should have discovered both the injury and the cause of her injury has been repeatedly rejected by the

3

Mississippi Supreme Court, and by the Fifth Circuit and this court applying the Mississippi Supreme Court's interpretation of the statute. See Angle v. Koppers, Inc., 42 So. 3d 1, 3 (Miss. 2010) (holding that a cause of action for recovery on account of latent disease or injury "accrues upon discovery of the injury, not discovery of the injury and its cause"); Lincoln Electric Co. v. McLemore, 54 So. 3d 833 (Miss. 2010) (holding that "... Section 15-1-49 does not require a plaintiff to know the cause of the injury before accrual of the cause of action[,]" and thus "...knowledge of the cause of an injury is irrelevant to the analysis [under §15-1-49(2)"); Owens-Illinois, Inc. v. Edwards, 573 So. 2d 704, 709 (Miss. 1990) (stating that "[t]he cause of action accrues and the limitations period begins to run when the plaintiff can reasonably be held to have knowledge of the injury or disease.... Though the cause of the injury and the causative relationship between the injury and the injurious act or product may also be ascertainable on this date, these facts are not applicable under § 15-1-49(2)..."); Barnes v. Koppers, Inc., 534 F.3d 357 (5th Cir. 2008) (stating that "[u]nder § 15-1-49, a cause of action accrues when the plaintiff has knowledge of the injury, not knowledge of the injury and its cause"); Bryant v. Wyeth, 816 F. Supp. 2d 329, 334 (S.D. Miss. 2011), aff'd, 2012 WL 3854550, 1 (5th Cir. Sept. 5, 2012) (holding that under § 15-1-49(2), a cause of action accrues "when the plaintiff has knowledge of the injury,

4

not knowledge of the injury and its cause"); Hewitt v. Wyeth, No. 5:03CV333TSL-MTP (S.D. Miss. July 7, 2011) (same).  In fact, similar to this case, Bryant and Hewitt involved claims based on allegations that a manufacturer's HRT product(s) caused the plaintiffs' breast cancers.  This court concluded that under § 15-1-49(2), the plaintiffs' claims for recovery based on the allegation that their cancers were caused by the defendant's HRT medications were time-barred since the plaintiffs filed their lawsuits more than three years after their respective diagnoses with breast cancer, notwithstanding allegations that they neither knew nor (according to their allegations) reasonably should (or could) have known that the defendant's HRT drugs they had taken had caused their cancers.  For the reasons set forth in Bryant and Hewitt, and in all of the cited authorities, the court rejects plaintiff's argument herein that her claims accrued not when she learned that she had breast cancer but rather later, in July 2002, when she claims she first learned, or reasonably could have learned of the causal link between Provera and breast cancer.

The court thus concludes that all of plaintiff's claims accrued on January 6, 2000, when she was diagnosed with breast cancer.[3]  Plaintiff did not bring her claims within three years

---

[3] Plaintiff submits that even if her other claims are held to have accrued when she was diagnosed with breast cancer, her "fraud-based claims" did not accrue until, at the earliest, in July 2002, upon publication of the WHI study results, since that is the first time she knew, or could have known, of the link

5

of the date of her diagnosis. Nevertheless, she submits that her claims are timely because defendants' fraudulent concealment tolled the running of the limitations period. Mississippi Code Annotated § 15-1-67 provides tolling for fraudulent concealment:

> If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with

---

between HRT drugs and breast cancer. However, the court is not persuaded that a different accrual rule applies to her fraud claims.
    The Mississippi Supreme Court has consistently held that a cause of action accrues, and the statute of limitations "begins to run when all the elements of a tort, or cause of action, are present." Weathers v. Metro. Life Ins. Co., 14 So. 3d 688, 692 (Miss. 2009) (quoting Caves v. Yarbrough, 991 So. 2d 142, 147 (Miss. 2008)). This is consistent with the Mississippi Supreme Court's more specific holding that a cause of action for fraud accrues "upon the completion of the sale induced by such false representation, or upon the consummation of the fraud." Dunn v. Dent, 169 Miss. 574, 153 So. 798 (1934). The elements of a cause of action for fraud are "(1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth; (8) his right to rely thereon, and (9) his consequent and proximate injury." Trim v. Trim, 33 So. 3d 471, 478 (Miss. 2010) (citation omitted). Once plaintiff developed breast cancer, all of the elements of her fraud claim were present. However, as hers was a latent injury, her cause of action was subject to the latent injury discovery rule of § 15-1-49(2), pursuant to which her cause of action did not accrue until she discovered the injury, i.e., upon her breast cancer diagnosis. There is no statutory authority for application of a fraud discovery rule or for excepting fraud claims from the latent injury discovery rule of § 15-1-49(2). The single case plaintiff cites for a different fraud accrual rule plainly does not support her suggestion that fraud claims are subject to a discovery rule (other than the latent injury discovery rule when the fraud results in a latent injury).

6

> reasonable diligence might have been, first known or discovered.

Miss. Code Ann. § 15-1-67. "To establish fraudulent concealment, plaintiff must demonstrate (1) that defendants acted affirmatively to conceal the fraud; and (2) that plaintiffs could not have discovered the alleged fraud with the exercise of due diligence." Liddell v. First Family Financial Services, Inc., 146 Fed. Appx. 748, 750, 2005 WL 2044555, 1 (5th Cir. 2005) (quoting Stephens v. Equitable Life Assurance Soc'y, 850 So. 2d 78, 82 (Miss. 2003)). Plaintiff argues that fraudulent concealment tolling applies in this case because "[d]efendants took active steps over decades, both before her injury and subsequent to it, to fraudulently conceal the risks from Plaintiff, thereby preventing her from discovering her claim before the expiration of the three-year statute of limitations." However, in the face of defendants' motion, plaintiff offers only allegations and argument; she offers no evidence of any acts of fraudulent concealment by the defendant manufacturers of Provera. It follows that her complaint, filed more than three years after her claims accrued, is untimely and should be dismissed.[4]

---

[4] Plaintiff's argument that summary judgment is premature in view of the fact that case-specific discovery is incomplete is not well taken. Completion of discovery is not a prerequisite to summary judgment, and plaintiff has not even purported to make the showing required by Federal Rule of Civil Procedure 54(d).
  The court also rejects plaintiff's contention that a determination of defendants' motion should be deferred until a ruling on a motion to consolidate and transfer a related case

7

Based on the foregoing, it is ordered that defendants' motion for summary judgment is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 25th day of October, 2012.

                                        /s/ Tom S. Lee
                                        UNITED STATES DISTRICT JUDGE

---

pending in Minnesota, <u>Linton v. Abbott Laboratories Inc.</u>, USDC MN – 0:08-cv-03796.